IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARSHA KLOTZ,<br><br>　　　　　　　Plaintiff,<br>v.<br>ANDREW M. SAUL,<br><br>　　　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:17-cv-00453-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

　　　　This matter is referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) for a Report and Recommendation on all dispositive matters (ECF 22; ECF 33).  On April 3, 2019, Plaintiff Marsha Klotz, filed a motion to reopen briefing in order to seek remand pursuant to *Lucia v. Securities and Exchange Commission*, 138 S.Ct. 2044, 201 L.Ed.2d 464 (2018) (ECF 27). Because Plaintiff filed this motion and argument concerning objections to Administrative Law Judges (ALJs) under the Constitution's Appointments Clause, the court permitted Defendant to file a response (ECF 30).  Having considered the arguments of the parties and relevant case law, the court recommends the motion to reopen be denied.

　　　　ALJ Jason W. Crowell issued a final unfavorable decision on June 28, 2016 denying Plaintiff's application for Social Security Benefits.  The Administrative Record was filed on August 9, 2017 (ECF 14), and briefing was completed on December 16, 2017 (ECF 24).  On April 3, 2019, over a year after the completion of briefing and ten months after the *Lucia* decision, Plaintiff filed the instant Motion.  Plaintiff requests that the court reopen briefing for the purposes of arguing that the ALJ who rendered unfavorable decisions in this case was not properly appointed under the Constitution's Appointments Clause and that this case should therefore be remanded for a new hearing under *Lucia*.

Defendant argues Plaintiff waived this issue by failing to raise the Appointments Clause arguments in an opening brief, failed to make a timely challenge to the validity of the appointment of the ALJ, and did not raise the issue despite the Tenth Circuit's precedent in *Bandimere v. Securities and Exchange Commission*, 844 F.3d 1168 (10th Cir. 2016), which was decided before *Lucia*. Relying primarily on caselaw from other circuits, Plaintiff argues that she was not required to object under the Appointments Clause at the administrative level. The undersigned is not persuaded by Plaintiff's arguments and recommends that the motion be denied.

Generally, issues that are not raised in an opening brief are waived. *Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005). Plaintiff filed her opening brief in November 2017. On December 27, 2016, nearly a year before her opening brief was filed, the Tenth Circuit held that "the SEC ALJs are inferior officers who must be appointed in conformity with the Appointments Clause." *Bandimere v. Sec. & Exch. Comm'n*, 844 F.3d 1168, 1181 (10th Cir. 2016). Substituting only the SEC for the SSA, this is the same argument Plaintiff seeks to make in the additional briefing requested in April 2019, over two years after the Tenth Circuit decided the issue in *Bandimere*.

"The Appointments Clause prescribes the exclusive means of appointing 'Officers.' Only the President, a court of law, or a head of department can do so." *Lucia*, 138 S.Ct. at 2051 (citing U.S. Const. art. II, § 2, cl. 2). In *Lucia*, the Supreme Court confronted the same issue the Tenth Circuit addressed in *Bandimere* of whether ALJs were "Officers of the United States" subject to the Appointments Clause, or mere employees. *Id.* The Court explicitly noted that the Tenth Circuit's decision in *Bandimere* conflicted with a decision made by the D.C. Circuit and that Lucia sought review by the Supreme Court to resolve this circuit split. *Id.* at 2050. The

2

Court ultimately held that the appointment of the ALJ who presided over Lucia's case did not comply with the Appointments Clause and ordered a new hearing before a properly appointed official.  *Id.* at 2055.  A key factor in reaching this holding was that Lucia's challenge was timely because "'one who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief."  *Id.* (emphasis added) (quoting *Ryder v. United Sates*, 515 U.S. 177, 182–83, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995)).

This court recently rejected a motion seeking to make an untimely Appointment Clause challenge.  *Heather M.H. v. Berryhill*, No. 2:16-CV-1056 JNP, 2019 WL 2305951, at *3 (D. Utah Apr. 29, 2019), *report and recommendation adopted sub nom. Heather M.H. v. Berryhill*, No. 216CV01056JNPBCW, 2019 WL 2297706 (D. Utah May 30, 2019).  In *Heather M.H.*, this court recognized that *Bandimere* put social security applicants in the Tenth Circuit "on notice regarding the suspect appointment of ALJs *before* the Supreme Court's decision in *Lucia*."  *Id.* (emphasis added).  The court therefore concluded that a challenge made in April 2019, "nearly a year after *Lucia* was decided and over two years after *Bandimere*" was untimely and "should have been raised earlier[.]"  *Id.*

The court did not reach the issue of whether such arguments must be made at the administrative level because they "were made well after the issue was decided in the Tenth Circuit," but noted that other courts have rejected such arguments when the claimant failed to assert them at the administrative level.  *Id.* n.19 (citing *Pearson v. Berryhill*, No. 17-4031-SAC, 2018 WL 6436092, at *4 (D. Kan. Dec. 7, 2018) (collecting cases)).  Indeed, as acknowledged by Plaintiff in her reply brief, the Tenth Circuit has held that an Appointments Clause objection must be raised at the administrative level.  *See Turner Bros., Inc. v. Conley*, No. 17-9545, 757 Fed. App'x 697, 700, 2018 WL 6523096 (10th Cir. Dec. 11, 2018).

The timeline in this case is nearly identical to that of *Heather M.H.*  Here too Plaintiff filed her motion to reopen in April 2019 seeking to make arguments on an issue that was decided in the Tenth Circuit over two years earlier in *Bandimere*.  Plaintiff unpersuasively seeks to overcome the untimeliness of her arguments by challenging the validity of *Turner*.  Plaintiff relies on recent cases from other district courts holding that an Appointments Clause challenge need not be made at the administrative level in cases warranting an exercise of the court's discretion under *Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868 (1991).  *See, e.g.*, *Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. 2019); *Cirko v. Berryhill*, No. 1:17-CV-680, 2019 WL 1014195 (M.D. Pa. Mar. 4, 2019); *Bradshaw v. Berryhill*, 372 F. Supp. 3d 349 (E.D. N.C. 2019); *Probst v. Berryhill*, 377 F. Supp. 3d 579 (E.D. N.C. 2019).  Plaintiff also notes that a petition for certiorari was filed on February 22, 2019 in the Ninth Circuit and argues that this court should await further guidance from the Supreme Court on this issue.  *Kabani & Co., Inc. v. U.S. Sec. & Exch. Comm'n*, No. 17-70786, 733 F. App'x 918 (9th Cir. August 13, 2018).  On May 13, 2019, the Supreme Court denied the petition.  *Kabani & Co. v. S.E.C.*, 139 S. Ct. 2013 (2019).  This court likewise declines to entertain a challenge to the Tenth Circuit's guidance in *Turner*.

The undersigned concludes that even if the court granted the request to reopen briefing, Plaintiff waived the Appointments Clause arguments by failing to timely make them and has provided no valid reason to excuse this failure.  Thus, her Motion to Reopen should be denied.

## RECOMMENDATION

The undersigned recommends that Plaintiff's Motion to Reopen be DENIED.

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id.* Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 12 August 2019.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah